IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2004 NO -1 PM 12: 15

U.S. CLERK'S OFFICE

BY_____

| | | |
|---|---|---|
| RUFUS JONES, Plaintiff, | § § § | |
| vs. | § § § § | CIVIL ACTION NO. A04CA669 LY |
| T.K. STANLEY, INC., and ISABEL M. "CHELO" DELAROSA Defendants. | § § § § | |

### DEFENDANT T.K. STANLEY, INC.'S MOTION FOR PARTIAL DISMISSAL OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT, AND BRIEF IN SUPPORT

Pursuant to Fed. R. Civ. P. 12(b)(6), 12(e) and Fed. R. Civ. P. 8, Defendant T. K. Stanley, Inc. ("Defendant" or the "Company") files its motion for partial dismissal or, alternatively, for a more definite statement, respectfully stating as follows:

### I. SUMMARY

Plaintiff Rufus Jones ("Jones") is a former employee of the Company. In his Original Complaint, Jones alleges four causes of action against the Company: race/color discrimination under Title VII and 42 U.S.C. § 1981, intentional infliction of emotional distress, and libel.[1]

The Company seeks dismissal of Jones' claim for intentional infliction of emotional distress based on the Texas Supreme Court's decision in *Hoffman La-Roche v. Zeltwanger*. The Company seeks dismissal – or, in the alternative, a more definite statement - of Jones' claim for libel on grounds that nowhere in his Complaint is it

---

[1] Jones also alleges two causes of action against his former supervisor, Isabel Delarosa ("Delarosa"): retaliation and slander. The claims asserted against Delarosa, individually, are not the subject of this motion.

alleged that TK Stanley defamed him "in writing or other graphic form," as is required to show libel.

## II. JONES' CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED

This Court must look to state law in construing Jones' claim for intentional infliction of emotional distress. Based on the allegations contained in the Complaint, it is clear that Jones' claim for intentional infliction of emotional distress is based entirely on the same conduct giving rise to his discrimination and libel claims. *See* Complaint ¶ 23. The Texas Supreme Court recently held that the tort of intentional infliction of emotional distress is, first and foremost, a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress. *Hoffman La-Roche v. Zeltwanger*, 47 Tex. Sup. J. 981, 2004 Tex. LEXIS 733, *17-18 (Tex. August 27, 2004) (reversing judgment of court of appeals allowing Plaintiff to recover on her intentional infliction of emotional distress claim, because the Texas Commission on Human Rights Act provided a remedy for the same emotional damages caused by essentially the same actions, there was no remedial gap); *Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998). The tort's "clear purpose," is "to supplement existing forms of recovery by providing a cause of action for egregious conduct" that might otherwise go unremedied. *Id.* The Court stated:

> Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available. *See, e.g., Provencher v. CVS Pharmacy*, 145 F.3d 5, 12 (1st Cir. 1998) (**defamation**); *Thompson v. Sweet*, 194 F. Supp. 2d 97, 103 (N.D.N.Y. 2002) (malicious prosecution, false imprisonment); *Norris v. Bangor Publ'g Co.*, 53 F. Supp. 2d 495, 508-09 (D. Me. 1999) (**defamation**); *Barker v. Huang*, 610 A.2d 1341, 1351 (Del. 1992) (**defamation**); *Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. Ct. App. 2001) (false imprisonment

and assault and battery); *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 316 (Mo. 1993) (**defamation**); *Quaker Petroleum Chems. Co. v. Waldrop*, 75 S.W.3d 549, 555 (Tex. App. —San Antonio 2002, no pet.) (negligence, gross negligence); *Rice v. Janovich*, 742 P.2d 1230, 1238 (Wash. 1987) (assault).

*Zeltwanger*, 2004 Tex. LEXIS 733, *20 (emphasis added).

Because Jones' intentional infliction of emotional distress claim is based upon claims already asserted, the "gap-filler" claim of intentional infliction of emotional distress is not available. Jones' claim should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. JONES' LIBEL CLAIM

The elements of a claim for libel are found at TEX. CIV. PRAC. & REM. CODE §73.001, which requires "a defamation expressed in written or other graphic form." Jones' Complaint does not contain a plain statement of his libel claim, given that there are no allegations that TK Stanley defamed him in written or other graphic form. Thus, Jones' claim for libel should be dismissed, pursuant to Fed. R. Civ. P. 8.

In the alternative, Jones should be required to amend his Complaint, specifying the written or graphic statement on which he bases his claim, and to whom and when the statement was published. Fed. R. Civ. P. 12(e).

### IV. CONCLUSION

Defendant T.K. Stanley, Inc. respectfully submits that Jones cannot prove any set of facts that would entitle him to relief on his claims against it for intentional infliction of emotional distress, and respectfully requests that this claim be dismissed with prejudice. Defendant T.K. Stanley, Inc. respectfully submits that Jones claim for libel should be

dismissed pursuant to Fed. R. Civ. P. 8, or in the alternative, that Jones be required to amend his Complaint with a more definite statement.

Date: November 1, 2004.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Bruce Griggs*

Bruce A. Griggs
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
Texas Bar No. 08487700
Rose M. Jennings
Texas Bar No. 24031945
301 Congress Avenue, Suite 1250
Austin, Texas 78701
(512) 344-4700
(512) 344-4701 (Fax)

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was sent by U.S. First Class Mail, postage prepaid, and via facsimile to all counsel of record on the 1st day of November, 2004.

Donald T. Cheatham
604A West 9th Street
Austin, Texas 78701

*/s/ Bruce Griggs*
Bruce A. Griggs